**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BALWINDER KAUR DHILLON, | No. 10-70247 |
| Petitioner, | Agency No. A079-268-243 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 5, 2014[**]
Portland, Oregon

Before: TROTT and W. FLETCHER, Circuit Judges, and BLOCK, District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

Balwinder Kaur Dhillon petitions for review of a decision of the Board of Immigration Appeals ("Board") affirming and adopting in all respects an Immigration Judge ("IJ")'s decision denying Dhillon's renewed applications for asylum, withholding of removal, and protection under the United Nations Convention Against Torture ("CAT"). The arguments raised in the petition are without merit.

Dhillon's first contention is that the IJ erred in finding that she knowingly submitted a frivolous application for asylum. She argues that she is immune from a finding of frivolousness because her discovery of the false information occurred after the initial moment of filing. We decline to accept Dhillon's argument. First, there is no authority for her proposition. Dhillon's reliance on *Chen v. Mukasey,* 527 F.3d 935 (9th Cir. 2008), is misplaced. There was no question in *Chen* that the applicant knowingly submitted a false application; rather, the issue was whether the applicant could avoid the consequences of filing a frivolous application by withdrawing it before a final adjudication. *Id.* at 936. Furthermore, a finding of frivolousness "shall only be made if the immigration judge or the Board is satisfied that the applicant, *during the course of the proceedings*, has had sufficient opportunity to account for any discrepancies or implausible aspects of the claim." 8 C.F.R. § 1208.20 (emphasis added). The notion that the moment of filing is the

2

sole consideration in a frivolousness analysis cannot be reconciled with regulations that mandate procedural protections for the applicant "during the course of the proceedings." *Id.* Thus, because Dhillon does not contest that she understood the consequences of filing a frivolous application, had ample opportunity to correct it, and perpetuated the false information by obtaining affidavits to support it, the IJ had substantial evidence to support the finding.

Dhillon's second argument, that the IJ erred in making an adverse credibility determination, lacks merit in light of her acknowledged false testimony and submission of false affidavits.

Finally, the record does not contain sufficient evidence to compel the conclusion that Dhillon has met her burden to show that she is entitled to withholding of removal or protection under the CAT. *See* 8 C.F.R. §§ 208.16(b), 208.16(c)(2).

**PETITION FOR REVIEW DENIED.**