**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 28 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BALWINDER KAUR DHILLON, | No. 15-70669 |
| Petitioner, | Agency No. A079-268-243 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 24, 2021**

Before: GRABER, FRIEDLAND, and BENNETT, Circuit Judges.

Balwinder Kaur Dhillon, a native and citizen of India, petitions for review of

the Board of Immigration Appeals' ("BIA") order denying her motion to reopen

proceedings.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We deny the petition for review.

We previously denied Dhillon's petition for review of the agency's determination that she was not eligible for asylum, withholding of removal, or protection under the Convention Against Torture. *Dhillon v. Holder*, 561 F. App'x 633 (9th Cir. 2014) (unpublished). We now conclude that the BIA did not abuse its discretion by denying her untimely motion to reopen. As the BIA observed, Dhillon did not introduce new evidence that reflects materially changed circumstances in India or that would likely have changed the outcome of her case. 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(1); *see Young Sun Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) ("[Petitioners] who seek to remand or reopen proceedings to pursue relief bear a 'heavy burden' of proving that, if proceedings were reopened, the new evidence would likely change the result in the case." (quoting *Matter of Coelho*, 20 I. & N. Dec. 464, 473 (BIA 1992))).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**